# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: | JUDGE RICHARD L. SPEER |
| Weldon F. Stump & Co. | Case No. 07-3015 |
| Debtor(s) | (Related Case: 05-32505) |
| John Graham, Trustee | |
| Plaintiff(s) | |
| v. | |
| Yoder Machinery Sales | |
| Defendant(s) | |

## DECISION AND ORDER

This cause comes before the Court upon the Defendant's Motion to Dismiss, Abstain or Stay the Pending Adversary Proceeding. The Trustee, who is the Plaintiff in this matter, filed a response objecting to the Defendant's Motion. As support for their respective positions, each of the Parties filed supporting memoranda. The Court has now had the opportunity to review the arguments made by the Parties, as well as the entire record in this case. Based upon that review, the Court, for the reasons set forth herein, finds that the Defendant's Motion has merit.

## FACTS

In the instant adversary proceeding, the Trustee, John Graham, seeks to recover numerous prepetition transfers made by the Debtor, Weldon F. Stump & Co., Inc., to the Defendant, Yoder Machinery Sales Company. For his complaint, the Trustee relies on the avoidability of these transfers

John Graham, Trustee v. Yoder Machinery Sales
Case No. 07-3015

under both bankruptcy law and applicable state law, – i.e., Ohio law. (Doc. No. 1). Specifically, the Trustee points to Bankruptcy Code §§ 544, 547 and 548, – with § 544 operating to incorporate applicable Ohio law, here §§ 1336.05(B) and 1313.56 of the Ohio Revised Code. Against this action, the Defendant filed its Motion to Dismiss, Abstain or Stay the Pending Adversary Proceeding. The operative facts giving rise to this Motion are not in dispute.

The Debtor, Weldon F. Stump & Co., Inc. (hereinafter the "Debtor"), was engaged in the business of selling used industrial machinery. Much of the Debtor's machinery was owned jointly with other equipment dealers, with the largest co-owner being the Defendant, Yoder Machinery Sales Company (hereinafter the "Defendant"). The Debtor and the Defendant held their jointly owned property in partnership, with each entity being a general partner of the partnership.

In March of 2004, after the Debtor defaulted on a number of loans, a state-court receiver was appointed to manage its business affairs. Later in the year, legal actions were commenced against the Defendant seeking to recover, under Ohio law, those transfers which the Trustee now seeks to recover in this proceeding. These actions were brought by Huntington National Bank, a primary creditor of the Debtor, as well as by the Debtor, itself, acting through the state-court receiver. Like with the Trustee on his action under § 544, the movants cited to O.R.C. §§ 1336.05(B) and 1313.56 as the legal basis for their recovery actions. Later, these recovery actions were consolidated with the Debtor's state-court receivership. (Doc. No. 4).

On March 22, 2005, an involuntary Chapter 11 petition was filed against the Debtor. (Main Case, Doc. No. 1). Subsequently, the petition was converted to one under Chapter 7 of the United States Bankruptcy Code. (Main Case, Doc. No. 19). On June 7, 2005, the Court entered an order for relief against the Debtor. At this time, the Plaintiff, John Graham, who had been previously appointed interim trustee, was ordered to continue, and has since remained in his capacity as Chapter 7 trustee. (Main Case, Doc. No. 34).

Page 2

John Graham, Trustee v. Yoder Machinery Sales
Case No. 07-3015

During the course of the Debtor's bankruptcy case, the Trustee requested, but the Court later abstained "from hearing those matters related to the appointment of a party to wind-up the affairs of the partnership in which the Debtor has a partnership interest." (Main Case, Doc. No. 98). Similarly, the Court later abstained from making any determination regarding the permissibility of professional fees for those prepetition services performed by the state-court receiver. (Main Case, Doc. No. 131). Abstention in both these matters was accomplished pursuant to 28 U.S.C. § 1334(c)(1).

## DISCUSSION

Before this Court is the Motion of the Defendant to Dismiss, Abstain or Stay the Pending Adversary proceeding. For its Motion, the Defendant set forth, in the opening paragraph, that it "moves the court, pursuant to Bankruptcy Rule 7012, and pursuant to 11 U.S.C.A. § 305, to dismiss the pending adversary complaint . . . ." (Doc. No. 4). However, although the Defendant initially cites to § 305 as the legal basis for its Motion, the arguments it makes, as well as the arguments made in opposition by the Trustee, focus almost entirely on the discretionary abstention doctrine of 28 U.S.C. § 1334(c)(1). Accordingly, based upon the tenor of the Parties' arguments, the Court will proceed on the assumption that the Defendant is seeking to have this Court abstain in accordance with § 1334(c)(1).[1]

---

1

While both § 305 and § 1334(c)(1) allow a court to abstain, each of these provisions apply very differently. Section 305 only applies if *both* the interests of creditors and the debtor would be served by affording the requested relief. Section 1334(c)(1), by comparison, requires that the request for abstention be "in the interest of justice, or in the interest of comity with State courts or respect for State law . . . ." Additionally, the relief afforded by these sections differ. Section 305's remedy is extremely broad; the court may either dismiss the case or, in the alternative, suspend all proceedings within the case. Under § 1334(c)(1), the court is limited to abstaining from a particular proceeding. As explained in a well-known treatise: if "a party wishes the bankruptcy court to abstain from a particular adversary proceeding, section 1334(c) is the proper vehicle; if it seeks suspension of all proceedings within a case, section 305(a) should be invoked." 2 Collier on Bankruptcy ¶ 305.01[1] (15th ed. rev. 2005).

Page 3

**John Graham, Trustee v. Yoder Machinery Sales**
**Case No. 07-3015**

Section 1334(c)(1), as contained in Title 28 of the United States Code, confers upon this Court the power to exercise its discretion and abstain from hearing certain matters. In relevant part, this provision provides:

> Nothing . . . prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Relying on this grant of authority, this Court previously abstained from hearing two matters, *see discussion supra*, in the Debtor's bankruptcy case. In large measure, the rationale underlying both of these decisions to abstain rested on the same basis: closely related matters were already pending in the state-court receivership action. It is now under this same rationale, – the pendency of litigation in state court regarding the avoidability of those transfers which the Trustee now seeks to recover in this proceeding – on which the Defendant bases its Motion to Abstain.

As in this Court's two prior decisions to abstain, the presence of a related proceeding commenced and timely proceeding in a state-court forum is a prime consideration in any abstention analysis under § 1334(c)(1) as it underlies the purpose of the statute: respect for federalism. *In re Weldon F. Stump & Co., Inc.*, 337 B.R. 636, 639 (Bankr. N.D.Ohio 2005). To this end, the Defendant in support of its Motion states that, "[e]xamination of the instant complaint reveals that the trustee now asks this court to adjudicate, in the context of claims against a partner, the identical claims now pending in the Lucas County Court of Common Pleas." (Doc. No. 4, at pg. 2). Thus, according to the Defendant, the Trustee has "an adequate and competent forum within which to resolve the claims that are proposed to be asserted here." *Id.* at pg. 4.

---

As it regards this decision to proceed on the basis of § 1334(c)(1), it is also noted that this Court previously denied a Motion brought by the Debtor to abstain under § 305(a). (Main Case, Doc. No. 19).

Page 4

John Graham, Trustee v. Yoder Machinery Sales
Case No. 07-3015

On the factual contentions made by the Defendant, the evidence before the Court would tend to bear them out. First, insofar as the Court can tell, it would appear that all of the transfers sought to be avoided by the Trustee in this adversary proceeding are now subject to avoidance in the state-court receivership action. Moreover, it would appear that such matters can be timely adjudicated. Yet, as now discussed, discretionary abstention under § 1334(c)(1) is the strong exception, not the rule. *Matter of Chicago, Milwaukee, St. Paul & Pacific Railroad*, 6 F.3d 1184, 1194 (7th Cir. 1993).

In this proceeding, the Trustee's action to avoid the transfers made by the Defendant is brought in accordance with §§ 544, 547 and 548. (Doc. No. 1). While § 544 does not stand independently, incorporating applicable state law (here O.R.C. §§ 1336.05(B) and 1313.56), actions brought under each of these sections are deemed "core proceedings," thereby conferring on this Court original jurisdiction over such matters. 28 U.S.C. § 157(b)(2)(F)/(H); § 1334(b). The significance: once presented with a valid basis for jurisdiction, it is the general rule that courts are to exercise that grant of jurisdictional authority. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976) ("abstention rarely should be invoked, because the federal courts have a virtually unflagging obligation to exercise the jurisdiction given them."). This is especially true with respect to "core proceedings" which may be described as a proceeding that is either (1) unique to or uniquely affected by the bankruptcy proceeding, or (2) directly affects a core bankruptcy function. *In re Millenium Seacarriers, Inc.*, 419 F.3d 83, 96 (2nd Cir. 2005).

Nevertheless, contrary to what the arguments made by the Trustee would seem to suggest, the fact that a matter may be a "core proceeding" does proscribe the application of the discretionary abstention doctrine of § 1334(c)(1). *See, e.g., Luan Investment S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.)*, 304 F.3d 223, 232 (2nd Cir. 2002). To the contrary, the issue of discretionary abstention can, by definition, only arise when there already exists a valid basis for jurisdiction. Still, given that a "core proceeding" denotes a matter specifically designed for adjudication by a bankruptcy court, the party moving for abstention in a "core proceeding" bears a heavy burden.

Page 5

John Graham, Trustee v. Yoder Machinery Sales
Case No. 07-3015

In determining whether to abstain in a "core proceeding," courts have drawn from a list of nonexclusive factors.[2] At their center, what these factors seek to do is implement the function and purpose served by abstention under § 1334(c)(1): in deference to federalism, ensure that the jurisdiction of the bankruptcy court is exercised only when appropriate to the expeditious disposition of bankruptcy cases. *Hackeling v. Rael Automatic Sprinkler Co. (In re Luis Elec. Contracting Corp.)*, 165 B.R. 358, 367 (Bankr. E.D.N.Y. 1992) (citing the legislative history of 28 U.S.C. § 1471, the predecessor of § 1334(c)(1)). In other words, permissive abstention is only proper when the state forum is a more appropriate place to have the matter heard. *Coker v. Pan American World Airways, Inc. (In re Pan American Corp.)*, 950 F.2d 839, 846 (2nd Cir. 1991).

Bearing favorably on the appropriateness of abstaining in this particular matter, this Court has already mentioned the presence of a related proceeding having commenced and now timely proceeding in the state-court receivership action. Other considerations in this matter then continue to bend this same way. First, and as already touched upon, the transfers sought to be avoided in the state-court action are duplicative of those transfers the Trustee now seeks to avoid in this action. Similarly, while the Trustee's underlying causes of action are "core proceedings," the application of state law is potentially dispositive of his case. As explained, both the state court-avoidance action against the Defendant and the instant avoidance action rely upon these two Ohio statutes: O.R.C. §§ 1336.05(B) and 1313.56.

---

[2] By way of example, this Court put forth this list of considerations: (1) the extent to which state law issues predominate over bankruptcy issues; (2) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (3) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (4) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (5) the substance rather than form of an asserted "core" proceeding; (6) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; and (7) the presence in the proceeding of nondebtor parties. *Citing In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir.1993).

Page 6

John Graham, Trustee v. Yoder Machinery Sales
Case No. 07-3015

Additionally, the roots of the Debtor's case are firmly planted in the state-court receivership action. Thus, it makes sense, pragmatically, to allow those matters already commenced in the state-court receivership action to proceed to their natural conclusion. Taking this idea a step further, a parallel can also be drawn to abstention under § 305.

A prime congressional policy underlying the abstention doctrine of § 305(a) is to prevent the commencement and continuation of disruptive involuntary cases. *Andrus v. Ajemian (In re Andrus)*, 338 B.R. 746, 751 (Bankr. E.D.Mich. 2006). Thus, while § 1334(c)(1) and § 305(a) apply differently and are different in scope, *see discussion in footnote 1, supra*, this concept of minimizing the disruptiveness of an involuntary case has legs in the type of situation presented in this matter: where an involuntary petition is filed against a debtor who has been the subject of ongoing state-court litigation.

Consequently, for all these reasons, it is difficult to see how any of the interested parties, including the Trustee, will be prejudiced if the state-court avoidance action were, in the stead of this proceeding, allowed to proceed. If the state-court avoidance action is successful, full relief can be afforded to the Trustee, and hence, by extension, to the Huntington National Bank and any other creditor who would benefit from the avoidance of the transfers made to the Defendant. Resultantly, in the interest of comity with the litigation involving the Defendant and the Debtor which is now proceeding in state court, the Court finds that abstention in this matter is appropriate.

Notwithstanding, as the abstention doctrine of § 1334(c) should not operate so as to negate a party's substantive rights under the law, it would be premature to actually dismiss the Trustee's complaint insofar as it concerns those matters not before the state court – *e.g.*, the Trustee's avoidance actions under § 547 and § 548. *See In re Finova Capital Corp.*, 358 B.R. 113, 117 (Bankr. D.Del. 2006) (courts generally should not abstain from hearing a case or controversy where the plaintiff has no other forum in which to seek relief). Rather, the Court finds that the proper course of action is to hold this complaint in abeyance pending resolution of the state-court matter, after

Page 7

John Graham, Trustee v. Yoder Machinery Sales
Case No. 07-3015

which time the Trustee may, at his discretion, elect to further pursue in this Court his avoidance actions under § 547 and § 548.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

***ORDERED*** that the Motion of the Defendant, Yoder Machinery Sales Company, to Dismiss, Abstain or Stay the Pending Adversary Proceeding is Granted in Part.

***IT IS FURTHER ORDERED*** that, pursuant to 28 U.S.C. § 1334(c)(1), this matter shall be held in abeyance pending resolution of the avoidance action brought against the Defendant, Yoder Machinery Sales Company, in state court.

***IT IS FURTHER ORDERED*** that the Parties shall report to the Court by September 28, 2007, concerning the status of the state-court matter.

Dated: June 26, 2007

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 8

# CERTIFICATE OF SERVICE

Copies were mailed this 26th day of June, 2007 to:

Howard B Hershman
608 Madison Ave
#930
Toledo, OH 43604-1129

John N Graham
5151 Monroe St
#245
Toledo, OH 43623

Yoder Machinery Sales Company
P.O. Box 100
Holland, OH 43528

John J McHugh, III
5580 Monroe St
Sylvania, OH 43560

    /s/Jennifer S Huff
Deputy Clerk, U.S. Bankruptcy Court